UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LEE ISOM,

               Plaintiff,                      Case No. 2:17-cv-12871
                                                District Judge Denise Page Hood
v.                                       Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,

               Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 17), DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 18), AND REMAND THIS MATTER TO THE COMMISSIONER

**I.**    **RECOMMENDATION**:  For the reasons that follow, it is

**RECOMMENDED** that the Court **GRANT** Plaintiff's motion for summary

judgment (DE 17), **DENY** Defendant's motion for summary judgment (DE 18),

**REVERSE** the Commissioner's decision, and **REMAND**  this case to the

Commissioner and the ALJ under Sentence Four of § 405(g) for further

development and consideration consistent with the report below.

**II.**    **REPORT**

       Plaintiff, Gregory Lee Isom, brings this action under 42 U.S.C. § 405(g) for

review of a final decision of the Commissioner of Social Security

("Commissioner") denying his applications for disability insurance (DI) benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (DE 17), the Commissioner's cross-motion for summary judgment (DE 18), Plaintiff's reply (DE 19), and the administrative record (DE 13).

### A.    Background and Administrative History

Plaintiff filed his application for DI benefits on May 5, 2014, alleging that he has been disabled since October 3, 2013, at the age of 49.  (R. at 188-92.)  In his May 5, 2014 disability report, he states that his "right leg vascular injury" limited his ability to work.  (R. at 212.)  His application was denied initially on July 11, 2014, and again on reconsideration on September 29, 2014.  (R. at 78-81, 86-94.)

On October 6, 2014, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ").  (R. at 95-96.)  On May 19, 2016, ALJ Donald G. D'Amato held a hearing, at which Plaintiff and a vocational expert (VE), Michele D. Robb, testified.  (R. at 39-55.)  On this same day, Plaintiff amended his application and requested a closed period of disability, beginning on October 3, 2013 and ending on November 23, 2015, the date he returned to work.  (R. at 20, 207.)  ALJ D'Amato issued an opinion on June 14, 2016, which determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 17-34.)

On August 3, 2016, Plaintiff submitted a request for review of the hearing decision/order.  (R. at 183-85.)  However, on August 4, 2017, the Appeals Council denied Plaintiff's request for review.  (R. at 1-6.)  Thus, ALJ D'Amato's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on August 30, 2017.  (DE 1.)

### B.   Plaintiff's Medical History

The administrative record contains approximately 230 pages of medical records, which were available to the ALJ at the time of his June 14, 2016 decision. (R. at 270-500 [Exhibits 1F – 5F].)  These materials will be discussed in detail, as necessary, below.

### C.   The Administrative Decision

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the requested closed period of disability from October 3, 2013 through November 23, 2015.  (R. at 22.)  At **Step 2**, the ALJ found that Plaintiff had the following severe impairments:  aortic aneurysm repair with valve replacement; neurogenic pain, compartment syndrome, status post tendon repair/fasciotomy, right lower extremity; polyarthritis; degenerative changes, right knee; arthralgia, left shoulder; rod replacement, lower left extremity; history of anxiety; cervical disc degeneration; hypertension; obesity, and

3

hyperlipidemia.  (*Id*. at 23)  At **Step 3**, the ALJ found that Plaintiff did not have an

impairment or combination of impairments that met or medically equaled the

severity of one of the listed impairments.  (*Id*. at 23-25.)  **Between Steps 3 and 4**

of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity

("RFC")[1] and determined that Plaintiff had the RFC:

> . . . to perform light work as defined in 20 CFR 404.1567(b), subject to
> the following  limitations.  He requires work that is unskilled with one,
> two, or three step instructions.  He can lift and/or carry 10 pounds
> frequently, and 20 pounds occasionally (from very little up to one-third
> of an 8-hour workday).  He can stand and/or walk (with normal breaks)
> for 6 hours in an 8-hour workday, but can do so for only 1 hour at a
> time.   While in the sitting position he may elevate his right lower
> extremity on a stool 12 inches or lower.  He can perform pushing and
> pulling motions with the upper and left lower extremities within the
> aforementioned weight restrictions for no more than two-thirds of an 8-
> hour workday, but can only occasionally do so with the right lower
> extremity.   He can perform activities requiring bilateral manual
> dexterity for both gross and fine manipulations with handling and
> reaching for no more than two-thirds of an 8-hour workday.  He needs
> to avoid hazards in the workplace such as moving machinery and
> unprotected heights.   He needs to be restricted to a work environment
> with stable temperatures, stable humidity, and good ventilation.  He can
> perform  each  of  the  following  postural  activities  occasionally:
> climbing stairs with handrails, balancing, stooping, and crouching, but
> he needs to avoid climbing ladders, scaffolds, and ropes, kneeling, and
> crawling.

---

[1] The claimant's "residual functional capacity" is an assessment of the most the
claimant can do in a work setting despite his or her physical or mental limitations.
20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec*., 276 F.3d
235, 239 (6th Cir. 2002).

(*Id*. at 25-31.)  At **Step 4**, the ALJ determined that Plaintiff was unable to perform any past relevant work.  (*Id*. at 31-32.)  At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.  (*Id*. at 32-33.)  The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from October 3, 2013, through the date of the decision.  (*Id*. at 33.)

### D.    Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.

1994)).  In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**E.    Analysis**

6

In his motion for summary judgment, Plaintiff asserts a single claim of error: that the ALJ erroneously included in his RFC a limitation that allowed Plaintiff to "elevate his right leg on a stool 12 inches or lower" while sitting. (DE 17 at 6-9.) Plaintiff contends that the ALJ had no basis for this "12 inches or lower" rule because, although his treating physician, Dr. Mark Rojec, did not indicate how *high* Plaintiff's leg should be elevated in his Medical Source Statement, in which he opined that Plaintiff could sit for eight hours without interruption with his right leg elevated, a handout from Dr. Rojec in April 2014 indicated that his leg should be elevated "above heart level," and Plaintiff testified at the hearing that he elevated his leg on most days above the hip level for at least five hours. (R. at 49; DE 17 at 7-8, citing R. at 340, 495-500.) The Commissioner contends that the ALJ's RFC finding is supported by substantial evidence, and that Plaintiff fails to prove that he is more functionally limited than the ALJ determined. (DE 18 at 5-10.)

### 1.  The RFC determination

Initially, it must be borne in mind that Plaintiff bears the burden of proof at Steps 1-4, including proving his RFC. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (["D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.") *(citing Young v. Sec'y of Health and Human Servs.,* 925 F.2d 146, 148 (6th Cir.1990); *Allen v.*

7

*Califano,* 613 F.2d 139, 145 (6th Cir.1980)); *Cole v. Sec'y of Health and Human Servs.,* 820 F.2d 768, 771 (6th Cir.1987)); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant, however, retains the burden of proving her lack of residual functional capacity").  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203 F.3d at 391-92.

Plaintiff's RFC is "the most [he] can still do despite the physical and mental limitations resulting from [his] impairments."  *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); s*ee also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of Plaintiff's RFC is an issue reserved to the Commissioner and must be supported by substantial evidence.  20 C.F.R. §§ 404.1527(e), 416.927(e). However, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'"  *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (citation omitted).  Pursuant to Social Security Rule 96-8p, the RFC assessment must include:

> [A] narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any

material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p, 1996 WL 374184, at *6-7. "Although SSR 96–8p requires a 'function-by-function evaluation' to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002). Instead, the ALJ '"need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record."' *Id.* (citations omitted).

### 2.    The ALJ's determination for a reduced range of light work

ALJ D'Amato determined that Plaintiff had the RFC to perform a reduced range of light work which included, among many other limitations, that "[w]hile in the sitting position [Plaintiff] may elevate his right lower extremity *on a stool 12 inches or lower*." (R. at 25-31 (emphasis added).) Plaintiff contends that the ALJ has no basis for this "12 inch limitation." Plaintiff explains that a handout from his treating physician, Dr. Mark Rojec, recommended that Plaintiff elevate his leg "above heart level" for 30 minutes each time, three times a day. (DE 17 at 7-8, citing R. at 340.) Further, Plaintiff testified at the hearing that he elevated his leg on most days above hip level for at least five hours. (*Id.*, citing R. at 49.) Plaintiff argues therefore that the ALJ's "12-inch rule" was based upon speculation and not

9

any evidence nor testimony in the record.  (*Id.* at 8.)  Plaintiff disagrees with the ALJ's pronouncement that the "12 inches or lower" condition was "generally consistent" with the recommendation of Plaintiff's treating physician. (See R. 31 and DE 17 at 7.)  The Undersigned finds that the "12 inches or lower rule" is not "generally consistent" with the medical record, and certainly not supported within the ALJ's opinion.

The vocational expert testified at the hearing in this case that 12 inches is the *maximum height* a claimant could elevate his leg before all work would be precluded.  (R. at 54.)  Therefore, the determination of the height at which Plaintiff must elevate his leg is critical to analyzing Plaintiff's ability to work in this case.

ALJ D'Amato recognized in his opinion that Dr. Rojec opined in a Medical Source Statement, in relevant part, that Plaintiff could sit for eight hours without interruption with his "[right] leg elevated."  (R. 30, citing R. at 496.)  However, Dr. Rojec did not indicate in that Statement *how high* Plaintiff's leg should be elevated, or for *how long*.  (*Id.*)  The ALJ gave this opinion significant weight, but did not give it controlling weight because Dr. Rojec failed to cite any specific clinical signs or findings in support of his assertions.  (R. at 30.)  ALJ D'Amato also recognized in his opinion that Dr. Rojec had previously provided Plaintiff a handout recommending 30 minutes of elevation "above his heart level 3 times a

10

day," and that Plaintiff had  testified at the hearing that he "had to elevate his leg above hip level for at least 5 hours" per day.  (R. at 27-28, citing R. at 49, 340.)

In his decision, the ALJ concluded, "[a]fter carefully considering the longitudinal record," that Plaintiff has the RFC to perform a reduced range of light work, provided, in part, that he has the ability to "elevate his right lower extremity on a stool *12 inches or lower*."  (R. at 25 (emphasis added).)  However, it is not clear from the ALJ's opinion the basis for his conclusion that Plaintiff would only need to elevate his right leg "on a stool 12 inches or lower."  While the ALJ generally opined, with regard to Plaintiff's testimony, that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision," (R. at 8), he did not explain his reason for discounting Plaintiff's testimony regarding his need to elevate his leg "above hip level" for five hours per day.  ALJ D'Amato similarly did not explain his reason for ignoring Dr. Rojec's recommendation that Plaintiff elevate his leg above heart level for 30 minutes three times per day.  While it is true that Dr. Rojec did not indicate in his Medical Source Statement *how high* Plaintiff's leg should be elevated, or for *how long*, that absence of evidence does not supply a basis for the ALJ's "12 inch rule."  The ALJ failed to cite to *any* record evidence supporting the requirement that Plaintiff elevate his right leg "on a

stool 12 inches or lower[,]" despite his recognition that the treating physician's handout called for elevation "above your heart level[,]" *i.e.*, well above 12 inches for anyone older than a toddler.

The ALJ's failure to articulate his reasons for discounting the *only* record evidence which even addresses the height at which Plaintiff needed to elevate his leg makes it impossible for the Court to determine whether the ALJ's rationale or conclusion is supported by substantial evidence. At a minimum, the ALJ must "'articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record.'" *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002) (citation omitted).  ALJ D'Amato neglected to explain why he discounted both Plaintiff's testimony about his need to elevate his leg above hip level and Dr. Rojec's recommendation to elevate his leg above heart level in reaching his conclusion that he only needed to elevate his leg 12 inches or lower.  In choosing to ignore rather than confront this record evidence, the ALJ failed to build a logical bridge from the evidence to his determination that Plaintiff was not disabled during the closed period.  *See Gross v. Comm'r of Soc. Sec.*, 247 F.Supp.3d 824, 829 (E.D Mich. 2017) (the Court "may not uphold an ALJ's decision, even if there is enough evidence in the record to support it, if the decision fails to provide an accurate and logical bridge between

12

the evidence and the result.") (citation omitted); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (requiring an appellate record that would "permit meaningful review" of the ALJ's application of the rules).

Further, I note that the Commissioner proffers reasons in her motion as to why the ALJ's RFC determination is proper. She contends that the handout Dr. Rojec provided to Plaintiff is not specifically tailored to Plaintiff, and proposes that Plaintiff could comply with the handout's restrictions by "elevat[ing] his legs once before starting work, a second time during his lunch break, and a third time after the end of the workday." (DE 18 at 7.) These may well be valid points; however, the ALJ never made those findings. And as Plaintiff points out in his reply brief, "[t]otally lacking in defendant's Brief is there [sic] any citation to support the '12 inch rule' used by the ALJ because there is no such evidence." (DE 19 at 3.) The Commissioner's *post hoc* rationalizations for the ALJ's failure to discuss this evidence are not an acceptable substitute for the ALJ's lack of rationale concerning treatment of that evidence. *See Schroeder v. Comm'r of Soc. Sec.*, No. 11-14778, 2013 WL 1316748, at *13 (E.D. Mich. Mar. 1, 2013) (the Commissioner's "post hoc rationalization" is not an acceptable substitute for the ALJ's failure to adequately evaluate the medical evidence); *Weeks v. Comm'r of Soc. Sec.*, No. 1:16-cv-121, 2016 WL 6067957, at *4 (W.D. Mich. Oct. 17, 2016) ("An ALJ 'must articulate, at some minimum level, his analysis of the evidence to

13

allow the appellate court to trace the path of his reasoning.' The Court cannot do so here. The Commissioner's attempt to rehabilitate the ALJ's reasoning on this point is precisely the type of analysis the ALJ should have undertaken in the first place.") (internal citation omitted and quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

The deficiencies identified herein require remand. It is conceivable that the ALJ found Plaintiff's testimony about the need to elevate his foot above hip level for five hours a day not credible and simply discounted it. It is also possible that he did not find Dr. Rojec's recommendation in April 2014 to elevate Plaintiff's leg above heart level still applied. But if that is what the ALJ did, then he did not explain his reason for doing so. It is not within the Court's authority to independently review and re-analyze the evidence bearing on Plaintiff's credibility, the medical record evidence, and the steps Plaintiff needs to take to relieve the pain in his leg and the "risk of more serious vein problems" so as to uphold the ALJ's decision on these issues. (See R. at 340.) The failure to articulate that link makes it impossible for this Court to determine whether the ALJ's rationale or conclusion that Plaintiff can perform a reduced range of light work during the closed period is supported by substantial evidence in the record. With nothing more, in light of the VE's testimony, he may not.

### 3.    Remand under Sentence Four

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir.1994) (citing 42 U.S.C. § 405(g). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue,* 10–207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher,* 17 F.3d at 174); *see also White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 790 (6th Cir. 2009) ("If a court determines that substantial evidence does not support the [Commissioner's] decision, the court can reverse the decision and immediately award benefits only if all factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." (internal quotations omitted)).

Here, the ALJ's RFC determination that Plaintiff could work if "[w]hile in the sitting position he may elevate his right lower extremity on a stool 12 inches or

15

lower" is either not supported by substantial evidence, or in any case, not

explained.  Accordingly, I recommend that the Court remand this case under

Sentence Four for further development of the record and for a more robust analysis

and explanation by the ALJ.

### F.    Conclusion

Due to the errors outlined above, Plaintiff is entitled to an order remanding

this case to the Social Security Administration pursuant to Sentence Four of 42

U.S.C. § 405(g).  At first blush, the VE's testimony could be read to suggest that

the need to elevate Plaintiff's leg more than 12 inches would be *definitively*

*preclusive* of performing any jobs. (R. at 54.)  However, this testimony was given

in response to a single question during cross-examination, lacking the necessary

context and foundation for the Court to conclude that an automatic award of

benefits would be in order. Furthermore, the Commissioner's suggestion that the

treating physician's "above your heart level 3 times a day, for 30 minutes each

time" directive need not necessarily be carried out during work hours (DE 18 at 7),

contrasted with the Plaintiff's testimony that he has to elevate his leg above his hip

level "every day [for] [f]ive hours a day on a minimum" (R. at 49), also creates too

murky a picture for an automatic award of benefits.

Accordingly, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's

motion for summary judgment (DE 17), **DENY** Defendant's motion for summary

judgment (DE 18), **REVERSE** the Commissioner of Social Security's decision,
and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of
§ 405(g) for further development and consideration consistent with this Report and
Recommendation.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and
Recommendation, but are required to file any objections within 14 days of service,
as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule
72.1(d).  Failure to file specific objections constitutes a waiver of any further right
of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &
Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some
issues but fail to raise others with specificity will not preserve all the objections a
party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &
Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers
Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule
72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.
2," *etc.*  Any objection must recite precisely the provision of this Report and
Recommendation to which it pertains.  Not later than 14 days after service of an
objection, the opposing party may file a concise response proportionate to the

17

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated:  January 22, 2019          s/*Anthony P. Patti*
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE


### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record
on January 22, 2019, electronically and/or by U.S. Mail.

                                  s/Michael Williams
                                  Case Manager to the
                                  Honorable Anthony P. Patti

18